# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BRIAN COLLISTER,** *Plaintiff* | § § § | |
| v. | § § | CASE NO. 1:20-CV-1148-RP-SH |
| **INVESTIGATIVE NETWORK, INC.** **and FREDERIC ALAN PETROVSKY,** *Defendants* | § § § § | |

## ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1) and Motion to Proceed *In Forma Pauperis* (Dkt. 2), both filed November 18, 2020. The District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Plaintiff Brian Collister seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application and financial affidavit in support, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, a plaintiff's pro se status does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff seeks a declaration that his registration of the domain name investigativenetwork.org did not violate the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and that the domain name should not be transferred to Defendants Investigative Network, Inc. and Frederick Alan Petrovsky. Dkt. 1 at 4-5. Plaintiff has alleged facts which, if true, might support declaratory

relief under 28 U.S.C §§ 2201(a) and 2202. Accordingly, the Court should not dismiss Plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B) as frivolous at this time.

Based on the foregoing, the undersigned **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2). The Court **FURTHER ORDERS** the **CLERK** to issue summons in this case and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

**SIGNED** on February 2, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE