UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BRIAN COLLISTER,** § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 1:20-CV-1148-RP-SH |
| § | |
| **INVESTIGATIVE NETWORK, INC.** § | |
| **and FREDERIC ALAN PETROVSKY,** § | |
| *Defendants* § | |

## ORDER

Before the Court is Plaintiff's Motion for Alternative Service (Dkt. 9), filed January 12, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

On November 18, 2020, Plaintiff Brian Collister filed suit against Defendant Frederic Alan Petrovsky and his company Investigative Network, Inc. ("Defendants") seeking a declaration that Plaintiff's registration of the domain name investigativenetwork.org did not violate the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and that the domain name should not be transferred to Defendants. Plaintiff's Complaint, Dkt. 1 at 4-5. On February 2, 2021, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* and ordered the United States Marshals Service to attempt service on Defendants. Dkt. 5. After unsuccessful attempts to serve Defendants at the physical address provided, Plaintiff now asks the Court to authorize alternative service via email. Dkt. 9 at 2-3.

Federal Rule of Civil Procedure 4 governs service of process in federal court. Rule 4(e)(1) states that a plaintiff may serve an individual by "following state law for serving a summons in an

action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(h)(1)(A) states that a corporation may be served in the same manner for serving an individual under Rule 4(e).

Texas Rule of Civil Procedure 106(b) provides:

> Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> . . .
>
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Plaintiff has not supported his motion for alternative service with a sworn statement, as required by Texas Rule of Civil Procedure 106(b). *See Taylor v. El Centro Coll.*, No. 3:21-CV-999-D-BH, 2022 WL 581812, at *3 (N.D. Tex. Feb. 25, 2022) (denying motion for alternative service where "Plaintiff has not provided any supporting affidavit that attests to his unsuccessful attempts to serve . . . defendants that strictly complies with the requirements in Texas Rule 106(b)"); *cf. Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (affirming authorization of substitute service by email where plaintiff complied with Rule 106(b)'s requirement to support motion by affidavit detailing attempted service).

For these reasons, Plaintiff's Motion for Alternative Service (Dkt. 9) is hereby **DENIED** without prejudice.

**SIGNED** on March 14, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE